FORD *against* CRANE and CANFIELD, executors of
WARING.

MOTION to set aside the non-pros of the plaintiff, for not replying, with all subsequent proceedings.

The action was *assumpsit* against the defendants as executors. They pleaded, 1st, non-assumpsit : and 2d, an outstanding judgment, and *plene adminstravit præter.* The defendants ruled the plaintiff to reply to the last plea ; which not being done within the 20 days, they entered the plaintiff's default ; and were now proceeding on a rule for judgment of *non pros* to perfect a judgment, with costs against the plaintiff.

It was conceded that the default was regular ; and the only question was, what judgment should follow.

For the plaintiff it was insisted, that it should be the same as if he had replied, admitting the plea, and praying judgment *quando*, &c.

*L. Ford*, for the plaintiff, cited 2 *Saund.* 226.

*J. Butterfield*, contra.

*Curia.* There is no doubt of the plaintiff's right so to reply ; and take judgment of assets *in futuro.* This is all which is proved by *Noel* v. *Nelson*, cited for the plaintiff from 2 *Saund.* 226. But he might also have replied *nul tiel record;* or taken issue on the question of assets *præter ;* and so have sought to oust the defendants of their defence. It was impossible for them to say which course the plaintiff would pursue. If he had taken the latter, and failed in maintaining his issue at the trial, the judgment

*Where the defendants, being executors, pleaded the general issue, with an outstanding judgment ; and* plene administravit præter; *and ruled the plaintiff to reply to the last plea, which he omitted ; held, that the only effect of the default would be, judgment for the defendant, with the costs on that branch of the defence founded on the special plea ; but the plaintiff might still go to trial on the issue ; and if he succeeded, take his judgment* quando acciderint; *and the judgment could not be perfected for the defendant till that issue was disposed of.*

UTICA,
Aug 1826.

would have been for the defendant, that he recover his costs, even though he might have failed on the general issue. (*Osterhout* v. *Hardenbergh*, 19 *John. Rep.* 266.) According to this case, the plaintiff may still go on upon the general issue; and recover his judgment of assets *quando acciderint*, if he succeeds upon that issue. But that is no reason why the defendants should not take their non-pros with costs. It does not finally dispose of the cause; but it does dispose of this particular plea of *plene administravit præter*, the same as if it had been found for the defendants on an issue. It carries their costs. The error of the plaintiff lies in his supposing that the defendants are bound to know what he would reply. It is not so. He should elect. Not doing so, the defendants may take the most from their plea. The non-pros is qualified according to the nature of the plea, which, though true, is not a perfect bar; and, for that reason, if false, will not subject the defendants to judgment *de bonis propriis.* (*id.*)

But the judgment for the defendant cannot be perfected till the other issue is disposed of.

We order the rule for judgment of non-pros to be set aside. This leaves the default standing; and what is to be finally done must await the result upon the other issue.

Rule accordingly.